ISMAIL J. RAMSEY (CABN 189820)
United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

SOPHIA COOPER (CABN 320373)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6473
    FAX: (415) 436-7234
    Sophia.Cooper@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>ASHLEY CROWDER,<br><br>    Defendant. | CASE NO. 3:23-CR-00044-VC<br><br>**UNITED STATES' SENTENCING MEMORANDUM**<br><br>Date:   January 29, 2025<br>Time:  1:00 p.m.<br>Court: Hon. Vince Chhabria |

## I. INTRODUCTION

Defendant Ashley Crowder is a bank robber who committed two serious crimes in one day by successfully robbing one bank in broad daylight and conspiring to rob another an hour later. She has had numerous violations during her pretrial release demonstrating a disregard for the seriousness of the criminal charges she faces, the judicial system, and the numerous resources that have been dedicated to her rehabilitation.

Since being indicted on February 8, 2023, for one count of Bank Robbery, in violation of 18 U.S.C. § 2113(a) (Count One), and one count of Conspiracy to Commit Bank Robbery, in violation of 18 U.S.C. § 371 (Count Two), the defendant has absconded from not one but two residential treatment facilities, has had three federal arrest warrants issue, has had two state warrants issue, and has been

arrested for drug possession and vandalism. She is currently facing charges in San Francisco County Superior Court relating to that July 2023 vandalism incident. *See* PSR ¶¶ 4, 93, 94.

The defendant pleaded guilty to Counts One and Two of the Indictment on January 17, 2024, pursuant to a plea agreement. *See* PSR ¶¶ 2,3. Based on the nature and circumstances of the offense and the defendant's criminal history, the government submits that a custodial sentence of 30 months' imprisonment is sufficient, but not greater than necessary, to achieve the goals set forth in 18 U.S.C. § 3553(a).

## II. OFFENSE CONDUCT

At 2:32 p.m. on November 19, 2022, the defendant entered a Bank of America located at 1640 Van Ness Avenue in San Francisco, California, and passed the teller a demand note reading "Gimme all your money. No dye packs. No bullshit. No one gets hurt." PSR ¶¶ 8,9. The teller handed the defendant $1,100 dollars, after which the defendant fled with her co-conspirators. *See id.* ¶ 11. One hour later, the defendant entered East West Bank located at 498 Clement Street in San Francisco, California. She approached a teller and engaged in conversation in an attempt to distract them while her co-conspirators displayed a demand letter to another teller that read, "This is no Joke Empty All The money in the drawer no marked Bills no ink Bags calmly no one will get Hurt." *See id.* ¶ 12. The teller handed the defendant's co-conspirator $1,500 dollars and the group fled. *See id.* ¶ 13.

Several hours later that evening, the defendant (passenger) and her co-defendant (driver), were in a car parked at the intersection of Golden Gate Avenue and Larkin Streets in the Tenderloin. When San Francisco Police Department (SFPD) officers approached the vehicle and attempted to pull it over, the car accelerated and led officers on a high-speed chase for multiple blocks that ran multiple red lights. SFPD officers eventually stopped the vehicle using spike strips. The vehicle attempted to drive over the median into oncoming traffic. The defendant was removed from the passenger seat and placed under arrest. Her co-defendant was forced to the ground after resisting arrest.

## III. SENTENCING GUIDELINES CALCULATION

The parties agree the total offense level is a minimum of 19, with the possibility of a two-level enhancement for reckless endangerment during flight pursuant to U.S.S.G §3C1.2. Counts One and Two are grouped for guideline calculation purposes pursuant to U.S.S.G §3D1.2(b). The calculation is as

follows: Base Offense Level 20, pursuant to U.S.S.G §2B3.1; a two-level increase as the property of a financial institution was taken, pursuant to U.S.S.G §2B3.1(b)(1); and a three-level reduction for Acceptance of Responsibility, pursuant to U.S.S.G §3E1.1. The Total Offense Level is either 19 or 21.

The plea agreement reserves a determination by the Court to apply a two-level increase pursuant to U.S.S.G §3C1.2 for reckless endangerment during flight. The government joins in Probation's recommendation not to apply the enhancement. The defendant was the passenger in the getaway vehicle, was not the driver, and did not resist arrest. The enhancement can apply to a defendant's own conduct, but also for conduct that the defendant aided or abetted, counseled, commanded, induced, procured, or willfully caused. *See* U.S.S.G § 3C1.2, comment. (n.5). To prove the enhancement, the government must establish that the defendant did more than just willfully participate in the getaway chase. It must prove that each defendant was responsible for or brought about the driver's conduct in some way. Such conduct may be inferred from the circumstances of the getaway, *see United States v. Stewart*, 799 F.2d 580, 582 (9th Cir.1986) (district court may rely on inferences in sentencing); *United States v. Hull*, 792 F.2d 941, 943 (9th Cir.1986), and the enhancement may be based on conduct occurring before, during, or after the high-speed chase. *See* U.S.S.G. § 3C1.2, comment. (n. 3). ("During flight" is construed broadly and includes adjustment for conduct occurring while resisting arrest.).

A high-speed chase clearly took place. Ms. Crowder was the passenger, not the driver. When the car was immobilized, she was arrested without incident in the passenger's seat. Unlike her co-defendant, she did not resist arrest or recklessly attempt to evade the police upon contact. She did not create additional necessary risk for officers at the scene, and did not, for example, aid or abet abandonment of the car by exiting or fleeing. *See United States v. Luna*, 21 F.3d 874, 885 (9th Cir. 1994), as amended (May 4, 1994) (finding passenger enhancement applied because passenger participated in abandoning the car); *see also United States v. Young*, 33 F.3d 31, 34 (9th Cir. 1994) (explaining that a passenger is not "presumptively responsible for a driver's conduct").

The government agrees that the defendant is a Criminal History Category III. Pursuant to the plea agreement, the government agreed to recommend a sentence associated with the low-end of a 2-level downward variance from the bottom of the guidelines range associated with the calculation above (either 19 or 21). Plea Agreement ¶15 (Dkt. 87). Absent the reckless endangerment enhancement, that

calculation yields an offense level of 17 and an advisory guidelines range of 30-37 months. The government accordingly recommends a sentence of 30 months—within the range contemplated by an Adjusted Offense Level of 17 with a CHC of III.

## IV. APPLICABLE LAW

The Court should impose a sentence sufficient, but not greater than necessary, to reflect the purposes of sentencing that Congress identified in 18 U.S.C. § 3553(a)(2). *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008). The Court should begin the process of determining an appropriate sentence by calculating the correct sentencing range under the Guidelines. *Id.* After determining the appropriate Guidelines calculation, the Court should then evaluate the sentence for substantive reasonableness in light of the factors set out in Section 3553(a). *Id.* at 991–93.

Under 18 U.S.C. § 3553(a), in arriving at the appropriate sentence for the defendant, the Court should consider these factors applicable to this case, among others:

(1)  the nature and circumstances of the offense and the history and characteristics of the defendant;

(2)  the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(3)  the need for the sentence imposed to afford adequate deterrence to criminal conduct;

(4)  the need for the sentence to protect the public from future crimes of the defendant;

(5)  the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(6)  the need to provide restitution to any victims of the offense.

## V. RECOMMENDED SENTENCE AND SECTION 3553(a) FACTORS

Based upon a consideration of the Sentencing Guidelines and the factors set forth in 18 U.S.C. § 3553(a), the government respectfully recommends a custodial sentence of 30 months' imprisonment, commensurate with an Adjusted Offense Level of 17 and a CHC III.

The nature and circumstances of this offense are serious. The defendant robbed one bank and conspired to rob another on the same day. She passed a teller a threatening demand note that said "Gimme all your money. No dye packs. No bullshit. No one gets hurt." Both robberies occurred in broad daylight,

jeopardizing the safety of those working at the bank, customers of the bank, and nearby community members.

Since her February 2023 indictment, the defendant has had numerous chances to work towards rehabilitation while under pretrial supervision. Each time she has spurned the numerous opportunities, resources, and assistance that have been availed to her. The only consistent pattern in defendant's behavior is her disregard for the judicial system, lack of respect for the law, and dismissal of the time, effort, and resources that those around her have invested in giving her opportunities to work towards rehabilitation. Having spurned two inpatient treatment programs—taking a spot in each that another candidate could have used, the defendant now appears for sentencing in custody, having exhausted all other options.

Since being indicted in February 2023, the defendant has prompted seven pretrial violation memoranda (April 7, 2023 (Dkt. 30); April 27, 2023 (Dkt. 35); May 22, 2023 (Dkt. 40); June 9, 2023 (Dkt. 44); June 22, 2023 (Dkt. 45); June 27, 2023 (Dkt. 47); July 5, 2023 (Dkt. 49)) and tested positive for narcotics thirteen times. PSR ¶ 4. Three federal warrants for her arrest have issued. PSR ¶ 4. She been assigned to two inpatient treatment facilities, Center Point and Epiphany Center, and absconded from both. The defendant's tenure at Center Point Women and Children's Program was short. She began the program on July 27, 2023. Dkt. 57. On August 3, 2023, she was arrested at the program after bringing drugs into the facility. PSR ¶ 114. A federal arrest warrant was issued on August 4, 2023. PSR ¶ 4. She absconded for approximately one month until she was pulled over by local authorities and placed under arrest on September 6, 2023. PSR ¶ 4.

After being in custody for approximately four months, the defendant assured the Court that she was committed and ready for another intensive program, this time at Epiphany Center. Defendant was released from prison the day after pleading guilty and ordered to go to inpatient treatment at the Epiphany Center. Dkt. 86. Defendant absconded within weeks. A warrant was issued for her arrest on February 5, 2024. PSR ¶ 4. The defendant remained a fugitive for six months until she was arrested on August 7, 2024, by San Bruno Police due to a local warrant out of San Francisco County Superior Court. PSR ¶ 5. That warrant relates to her pending vandalism case in San Francisco, where defendant is

alleged to have caused $1,500 dollars' of damage to two vehicles in an ongoing dispute with her neighbor. PSR ¶ 94. While on pretrial release, the defendant was also arrested for reckless driving. Defendant is alleged to have driven through a stop sign before exiting her vehicle and giving officers the fake name of "Kathleen Richmond" before being taken into custody on a federal warrant. PSR ¶ 93 (conduct dated 09/06/23).

The governments' recommendation of 30 months takes these factors into consideration. The allegations are serious. Defendant has demonstrated a pattern of noncompliance. But, as the PSR indicates, the defendant has faced significant and serious troubles throughout her life. A custodial sentence of 30 months imprisonment takes both the aggravating and mitigating factors into account. This sentence is sufficient, but not greater than necessary, to comply with the purposes of 18 U.S.C. § 3553.

Finally, the Plea Agreement includes, and Probation recommends, a warrantless search condition. Plea Agreement ¶ 8; PSR Recommendation ¶ 4. This search condition is warranted given the defendant's offense conduct and many noncompliance Form 8 matters on pretrial release. The condition thus serves the goals of deterrence, public protection, and rehabilitation. *See United States v. Bare*, 806 F.3d 1011, 1013, 1017 (9th Cir. 2015).

In addition, the matter of restitution remains outstanding. A total of $2,600 was taken during the two robberies. The plea agreement contemplates a minimum restitution amount of $1,100. Ms. Crowder's co-defendant is set to appear for a restitution hearing on February 5, 2025. The government understands that Ms. Crowder would like to apportion responsibility to be solely responsible for the entire $2,600 and would like the $434.60 of currency found on the defendant during her arrest to be applied to the restitution amount. The government does not oppose the request to apply the forfeiture to the restitution, but does oppose a full apportionment of restitution to Ms. Crowder.[1] Where a defendant is convicted of conspiracy, the Mandatory Victims Restitution Act (MVRA) authorizes a district court to hold the defendant jointly and severally liable. *See* 18 U.S.C. § 3664(h), "for *all* [victims] harmed by the *entire* scheme," *United States v. Riley*, 335 F.3d 919, 931 (9th Cir. 2003) (emphasis added); *see also United States v. Dadyan*, 76

---

[1] A motion for a preliminary order of forfeiture was filed on January 15, 2024, and the Court signed the order on January 17, 2024. Dkts. 141, 142. That preliminary order of forfeiture terminated each of the defendant's interest in the currency.

UNITED STATES' SENTENCING MEMO        6
3:23-CR-00044-VC

F.4th 955, 958 (9th Cir. 2023), *cert. denied sub nom. Dadyan petitioners v. United States*, 144 S. Ct. 1040 (2024); *see also* 18 U.S.C. 3664(h) ("If the court finds that more than [one] defendant has contributed to the loss of a victim, the court may make each defendant liable for payment of the full amount of restitution or may apportion liability among the defendants to reflect the level of contribution to the victim's loss and economic circumstances of each defendant."). Here, both defendants contributed to the loss of the victims. 18 U.S.C. § 3664(h), suggests two options: make all defendants liable for the full restitution amount, or make all defendants liable for their fair contributions. It does not suggest what Ms. Crowder proposes, which is that one defendant is liable for the full restitution amount. Further, in order to vindicate the rights of the victims, a restitution order should encompass both defendants, so that if Ms. Crowder becomes unable to pay, the victims can still recover.

**VI.    CONCLUSION**

For the foregoing reasons, the United States respectfully requests that the Court impose a custodial sentence of 30 months imprisonment.

DATED: January 22, 2025                                  Respectfully submitted,

ISMAIL J. RAMSEY
United States Attorney

 /s/
SOPHIA COOPER
Assistant United States Attorney